## William A. Rowe v. Emmit Morgan.

1. Verdicts—*On Conflicting Evidence.*—The evidence in this case was conflicting and such that a verdict either way, approved by the trial judge, should be sustained on appeal. This court is not able to say that the jury erred in finding for defendant, or that they ought to have believed plaintiff and his witnesses.

Assumpsit, on a note. Appeal from the Circuit Court of Putnam County; the Hon. Nicholas E. Worthington, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed September 20, 1897.

Fred. S. Potter, attorney for appellant.

R. M. BARNES, attorney for appellee.

MR. JUSTICE DIBELL DELIVERED THE OPINION OF THE COURT.

On August 5, 1890, appellee gave appellant his promissory note for $500, payable to the order of appellant two years after date, with interest at eight per cent per annum, to which note was added a power of attorney to confess judgment thereon. On September 7, 1895, appellant caused judgment by confession to be entered against appellee on said note in the Circuit Court in vacation, and had execution issued. At the October term, A. D. 1896, appellee moved the court to vacate the judgment and for leave to plead. Leave was given appellee to plead, and it was ordered the judgment stand as security for the debt, but that its collection be stayed until the further order of the court. Appellee pleaded non-assumpsit, want of consideration, and accord and satisfaction, upon which pleas issues were joined, and there was a trial by jury resulting in a verdict for appellee. The court below denied appellant's motion for a new trial, and entered judgment against him for costs, from which judgment he appeals to this court.

At the trial there was a contradiction between the witnesses of the respective parties, and there was a complete disagreement between the testimony of the plaintiff and of the defendant as to the origin, consideration, and occasion of giving said note, and as to the subsequent dealings of the parties. It seems unnecessary in this opinion to set out the two histories of the transaction which the parties respectively give. If the plaintiff's evidence was true he should have recovered. If the defendant's version of the transaction was true said note never evidenced a *bona fide* debt, and defendant never owed appellant anything thereon. Each side produced evidence of many facts which were harmful to the opposite party. The defense introduced testimony tending to impeach the reputation of the plaintiff for truth and veracity, and plaintiff in rebuttal introduced evidence to sustain his reputation in that respect. The jury believed the defendant. The trial judge who saw the

witnesses, and who saw these two parties upon the stand, and heard them testify, could decide much better than we can to which one of the parties the greater confidence should be given.   He approved the verdict.   Counsel for appellant does not argue any objections to the rulings of the court upon the evidence.   All instructions requested by appellant were given.   We find no serious error in the giving of instructions for appellee.   We are not able to say from the evidence that the jury erred in finding for defendant, or that they ought to have believed plaintiff and his witnesses. The evidence was such that a verdict either way, approved by the trial judge, must be sustained here.   Judgment affirmed.